Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

**F I L E D**
CLERK, U.S. DISTRICT COURT

1/26/22

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ CS _____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS, | Case No.: <u>CV22-593-JFW(PDx)</u> |
| Plaintiff, | |
| vs. | COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 |
| 12:24 CONSTRUCTION INC., ANNA M. JOHNSON, CROWN HOME CENTER, INC., and OFIR CHANAEL, | |
| Defendants. | |

Plaintiff, Jorge Alejandro Rojas, brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, against Defendants 12:24 Construction, Inc., Anna M. Johnson, Crown Home Center, Inc., and Ofir Chanael, "Defendants" and alleges based on personal knowledge and information and belief, as follows:

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 1

## INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335, 2343 (2020).*

2. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R § 64.1200.

3. This case involves a campaign by Defendants to obtain business via itself or affiliates making telemarketing calls in an effort to solicit business, specifically, to improve homes through the solicitation of its contractor services.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 2

5. This Court has personal jurisdiction over Defendants as it regularly and systemically conducts business in the state of California. Defendants have a California Contractor's License and at least one location in the state. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

8. Defendant 12:24 Construction, Inc., ("12:24 Construction") is a California Domestic Stock company, which as of this filing, is an SOS/FTB Suspended Status, with an entity address of 11708 Birch Ave Ste E Hawthorne CA 90250, and agent of service of process of Anna M Johnson at the same address.

9. Defendant Anna M. Johnson ("Johnson") is the CEO, Secretary, and CFO of 12:24 Construction, and has an address of 11708 Birch Ave Ste E Hawthorne CA 90250.

10. Defendant Crown Home Center, Inc. ("Crown") is a California Domestic Stock company, with an entity address of 11122 Washington Blvd Culver

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 3

City, CA 90232, and an agent for service of process of Ofir Chanael at the same address.

11. Defendant Ofir Chanael ("Chanael") is the CEO and CFO of Crown and is located at 11122 Washington Blvd Culver City, CA 90232.

12. Defendant Johnson and Chanael owned, operated, and was an officer, employee and agent of their respective companies. At all material times referenced herein, Johnson and Chanael were residents and citizens of California and this District. The acts and omissions performed by Johnson and Chanael giving rise to liability in this matter occurred or were performed in this District.

13. The fact that 12:24 Construction is an SOS/FTB Suspended entity further demonstrates liability on the part of its individual officers who nevertheless engaged in telemarketing.

14. Defendants are a person as defined by 47 U.S.C. § 153(39).

15. Defendants acted through its agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 4

16. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012)

17. The TCPA provides a private cause of action to persons who receive such calls. *See* 47 U.S.C. § 227(b)(3).

18. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

19. [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 5

service.[]" *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

20. The TCPA applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

21. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

**FACTUAL ALLEGATIONS**

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 6

22. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582.

23. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

24. Plaintiff is the account holder and customary user of his phone number.

25. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008. **Exhibit 1.**

26. Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

27. Defendants are organizations that among other things places telemarketing calls to individuals in order to get them to contract their services to make improvements to their home. Defendants solicits the services of itself and any vendors and affiliates via telemarketing.

28. Plaintiff has done no business with Defendants and has never provided Defendants with prior express written consent to call his cellular telephone number that is registered on the National Do-Not-Call Registry.

29. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 7

30. Defendants, individually and together, directly placed the calls at issue in this Complaint; or in the alternative, Defendants' callers (whether employees of Defendants or agents) had each Defendant's express or implied actual authority to place the unwanted, automated lead generation calls at issue. Defendants, individually and together, contracted with or otherwise entered into agreements with callers to generate business and initiate the telemarketing phone calls using tactics that violated the TCPA. Defendants, individually and together, know that these third parties they engaged conduct their telemarketing practices in violation of federal law, but Defendants, individually and together, continued the relationship with them and received the benefits therefrom.

31. The owners of Defendants 12:24 Construction and Crown directed and oversaw the telemarketing activity in progress, including selecting any third party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

32. **Call 1.** On or about September 13, 2021, Plaintiff received a telephone call from Defendants.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 8

33. When Plaintiff picked up the phone, he heard a beep, followed by a pause, followed by an "Jay" who stated that he worked for 12:24 Construction, and was soliciting construction work in the area.

34. Jay was soliciting the sale of products or services and engaging in telemarketing.

35. **Call 2.** On or about December 1, 2021, Plaintiff received a telephone call from Defendants. When picking up the phone, he heard a tone, followed by a pause, followed by a "Tami" introducing herself as soliciting construction work. The call was then transferred to a "Mike."

36. Mike stated the call was being made on behalf of 12:24 and was once again for the purpose of telemarketing.

37. **Call 3.** On January 12, 2022, at 12:17 PM Chicago time, Plaintiff received a telephone call from Defendants, from 323-961-1117. During this call, Mike, who spoke to Plaintiff previously, stated that he was now working for "Crown Home Center" and that he was no longer working for 12:24 Construction. Mike also provided the website of Crown Home Center, https://www.crownhomecenter.com.

38. Mike texted Plaintiff several times, from telephone number 213-844-9920. Plaintiff requested Defendants not contact him anymore, and Mike then

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 9

1    stated "I don't control other companies. I'll put a note where the number

2    comes up hoping they read it and don't call."

3  39. Plaintiff believes that 12:24 Construction and Crown Home Center are

4    affiliated, and to the extent they are not, they are sharing a common lead

5    list via a third party vendor or agent.

6  40. Plaintiff alleges the "system" that Mike placed the do not call note into

7    constitutes an ATDS.

8  41. Both 12:24 Construction and Crown are liable for the calls made by its

9    employees, contractors, agents, and affiliates.

10  42. Plaintiff will identify any additional liable indispensable party in discovery.

11  43. The above calls were made by Defendants for the purpose of soliciting the

12    purchase or the sale of a product or service, specifically, home

13    improvement and construction services, without the required consent from

14    Plaintiff.

15  44. All calls were similar in nature – soliciting the same kind of services and

16    around a similar time period.

17  45. Defendants masked their telephone number to not reveal its true telephone

18    number.

19

20  COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER
   PROTECTION ACT, 47 U.S.C. § 227 - 10

46. The conduct alleged in this action was made willful and knowingly, for reason including that the caller did not identify himself by name or entity, in order to obfuscate who they were, and the use of Caller ID masking.

47. Defendants' calls to Plaintiff utilized an automatically generated and/or pre-recorded voice.

48. Defendants' phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

49. Plaintiff did not have a prior business relationship with Defendants.

50. Defendants did not have any consent to call Plaintiff.

51. Defendants are not an organization exempt from the TCPA.

52. Defendants' calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

53. Defendants' calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

54. Upon information and belief, Plaintiff received additional calls from Defendants' and its affiliates not included above.

55. Plaintiff alleges that Defendants trains its affiliates to avoid divulging too much information to leads and customers in an effort to evade TCPA liability.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 11

56. Defendants made further efforts to conceal their identity by transmitting a deceptive telephone number with a local area telephone codes to Plaintiff's telephone caller identification ("Neighbor Spoofing"). Neighbor Spoofing is done as a way to deceive the called party into believing the telemarketer is a local person or business, increasing the likelihood that the telemarketing call will be answered.

57. The impersonal and generic nature of Defendants' calls demonstrate that Defendants utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the calls.

58. In total, Defendants and/or its affiliates placed at least three (3) telephone solicitation calls to Plaintiff.

59. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendant.

60. Defendants has a pattern and/or practice of failing to comply with the TCPA.

61. The foregoing acts and omissions were in violation of the TCPA.

62. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 12

63. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

64. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

65. The acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

66. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

67. Plaintiff is also entitled to an award of costs.

68. Defendant's calls were not made for "emergency purposes."

69. Defendant's calls to Plaintiff were made without any prior express written consent.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 13

70. Defendant contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

71. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

72. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

73. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

74. Plaintiff, in discovery will better identify how many telephone calls were made by Defendants and or its agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

**COUNT 1. Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)**

75. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 14

76. Defendants or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least three (3) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

77. Plaintiff was statutorily damaged at least three (3) times under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each.

78. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants, jointly and/or severally, in an amount of $4,500.00 plus costs and any other remedy deemed appropriate.

## COUNT 2. Initiating A Telephone Solicitation To A Telephone Subscriber Who Has Registered His Number On The Do-Not-Call List At Least 31 Days Prior To The Telephone Call. 47 C.F.R. § 64.1200(C)(2)

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 15

79. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

80. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

81. Defendants called Plaintiff's telephone at least three (3) times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendants' calls, in violation of 47 C.F.R. § 64.1200(c)(2).

82. Plaintiff was statutorily damaged at least three (3) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants' by the telephone calls described above, in the amount of $500.00 for each of the three (3) telephone calls.

83. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants, jointly and/or severally, in an amount of $4,500.00 plus costs and any other remedy deemed appropriate.

## **PRAYER FOR RELIEF**

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 16

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and/or severally, in an amount to be more fully determined at trial, but at least $9,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C).

D. Statutory damages of $500.00 per call for each and every violation pursuant to 47 U.S.C. § 227(c)(5)(B);

E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(C);

F. All reasonable attorneys' fees, witness fees, court costs, interest, and other litigation costs incurred by Plaintiff;

G. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

H. Leave to amend this Complaint to conform to the evidence presented at trial; and

I. Any other relief this Court deems proper.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 17

1    Respectfully submitted,

2    Dated: January 26, 2022

3

4

5                                              /s/ Jorge Alejandro Rojas
                                               JORGE ALEJANDRO ROJAS
6                                              Rojas.jorge96@gmail.com
                                               Plaintiff in Pro Se
7                                              557 Cambridge Way
                                               Bolingbrook, IL 60440
8                                              (424) 219-1582

9

10

11

12

13

14

15

16

17

18

19

20    COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER
      PROTECTION ACT, 47 U.S.C. § 227 - 18

# EXHIBIT 1

# EXHIBIT 1

 Gmail

## National Do Not Call Registry - Your Registration Is Confirmed

**Verify@donotcall.gov** <Verify@donotcall.gov>                                                    Fri, Jun 18, 2021 at 12:15 PM
To: rojas.jorge96@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 1582 on January 18, 2008. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.